NO. 25-1729

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

AMANDA SIMA

    Plaintiff-Appellant,

v.

BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP
JUSTIN BARKER

    Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois
Case No. 1:23-cv-03566
The Honorable Judge John Robert Blakey

REPLY BRIEF OF PLAINTIFF-APPELLANT AMANDA SIMA

Paul Gordon, Esq.
Gordon Legal Malpractice PLLC
Post Office Box 460395
Denver, Colorado 80246
(720) 505-0536
*Attorney for Plaintiff-Appellant*
  *Amanda Sima*

# TABLE OF CONTENTS

Table of Authorities ..................................................................................................iii

Statement of the Issues ............................................................................................. 1

Reply ......................................................................................................................... 1

I.    Plaintiff Stated a Claim for Legal Malpractice
      (Breach of Contract, Breach of Fiduciary Duty,
      and Constructive Fraud) ................................................................................. 2

II.   Defendant Benesch Friedlander is Vicariously Liable
      for the Acts and Omission of Defendant Barker ............................................ 11

Conclusion ............................................................................................................... 12

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ................................................................. 4, 9

*Bell Atl. Corp v. Twombly,* 550 U.S. 544 (2006) .................................................... 4, 10

*Conklin v. Hannoch Weisman,* 678 A.2d 1060 (N.J. 1996) ........................................ 8

*Cunningham v. Hildebrand,* 142 Ohio App.3d 218 (2001) ......................................... 3

*Daugherty v. Runner,* 581 S.W.3d 12 (Ky. App. 1978) .............................................. 8

*David v. Schwarzwald, Robiner, Wolf Rock Co., L.P.A.,*

    79 Ohio App. 3d 786 (1992) ................................................................................ 3

*Direct Comm'ns v. Horizon Retail Constr,*

    387 F. Supp. 2d 828 (N.D. Ill. 2005) .................................................................... 7

*Doupnik v. General Motors Corp.,*

    225 Cal. App. 3d 849 (1990) ................................................................................ 6

*Environmental Network Corp. v. Goodman Weiss Miller LLP,*

    119 Ohio St.3d 209 (2008) ................................................................................... 5

*FDIC v. Bierman,* 2 F.3d 1424 (7th Cir. 1993) ............................................................ 6

*Gardunio v. Town of Cicero,*

    674 F. Supp. 2d 976 (N.D. Ill. 2009) .................................................................... 7

*Gilles v. Wiley, Malehorn & Sirota,* 783 A.2d 756

    (N.J. App. Div. 2001) ........................................................................................... 7

*Haines v. Kerner,* 404 U.S. 519 (1972) ........................................................................ 2

*International Telemar v. Malone & Assocs.*,

    845 F. Supp. 1427 (D. Colo. 1994) ............................................................................ 8

*Janik v. Rudy, Exelrod & Zieff*,

    14 Cal.Rptr.3d 751 (Cal. App. 2004) ........................................................................ 8

*Keef v. Widuch*, 747 N.E.2d 992 (Ill. App. 2001) ............................................................ 8

*Kirk R. Martin v. John Deuth*, 298 F.3d 669 (7th Cir. 2002) ........................................ 2

*Lopez v. Hulburt*, 2019 Ohio 5331 (Ohio App. 2019) ..................................................... 8

*McCarty v. Browning*, 797 So.2d 30 (Fla. App. 2001) ................................................... 8

*Mitchell v. Gonzales*, 54 Cal.3d 1041 (1991) ................................................................... 6

*Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*,

    913 N.E.2d 939 (Ohio 2009) ................................................................................... 11

*Nichols v. Keller*, 19 Cal.Rptr.2d 601 (Cal. App. 1993) ................................................. 8

*Northern Illinois Emergency Physicians v.*

    *Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294 (2005) ................................... 3

*Owens v. Balt. City State's Att'ys Off.*,

    767 F.3d 379 (4th Cir. 2014) ..................................................................................... 9

*Raj v. La. State Univ.*, 714 F.3d 322 (5th Cir. 2013) .................................................... 10

*Resolution Trust Corp. v. Franz*,

    909 F. Supp. 1128 (N.D. Ill. 1995) ............................................................................ 6

*Rocha v. Rudd*, 826 F.3d 905 (7th Cir. 2016) ................................................................. 6

*Shimer v. Foley, Hoag & Eliot, LLP*,

    795 N.E.2d 599 (Mass. App. 2003) .......................................................................... 8

*Smith v. Becnel*, 396 So.2d 444 (La. App. 1981) ...................................................................... 8

*Strock v. Pressnell*, 38 Ohio St.3d 207 (1988) ..................................................... 11-12

*Suder v. Whiteford, Taylor & Preston, LLP*,

    992 A.2d 413 (Md. 2010) ................................................................................. 5

*Vahila v. Hall*, 77 Ohio St. 3d 421 (1997) ............................................................... 2-3

*Wall St. Assocs. v. Brodsky*, 684 N.Y.S.2d 244

    (N.Y. App. Div. 1999) ...................................................................................... 6

*Yeager v. Local Union 20*, 6 Ohio St. 3d 369 (Ohio 1983) ........................................... 4


### Other Authorities

Fed. R. Civ. P. 8(a)(2) ............................................................................................ 7

Fed. R. Civ. P. 12(b)(6) .................................................................................... 9-10

## STATEMENT OF THE ISSUES

1. Did Plaintiff state a claim against Defendant Justin Barker for legal malpractice, when Defendant Barker advised Plaintiff to permit Defendants to review documents without disclosing the content to Plaintiff and then advised Plaintiff to abandon her claims, when, at the same time, Defendant Barker was secretly negotiating a partnership with opposing counsel?

2. Did Plaintiff state a claim against Defendant Benesch Friedlander when its agent advised Plaintiff to abandon her claims while its agent was secretly negotiating a partnership with opposing counsel?

## REPLY

Either expressly or by omission, Defendants[1] concede the following important points: 1) that they breached duties they owed to Plaintiff; 2) that three of Plaintiff's claims are merely variations of a legal malpractice claim; 3) that Plaintiff did not need to use the label "legal malpractice claim" to state a claim for legal malpractice; and, 4) that Defendant Benesch Friedlander employed Defendant Barker at the relevant times. What remains are Defendants' arguments that Plaintiff failed to adequately plead damages, causation, and scope of employment. This Court should reject Defendants' arguments.

---

[1] Plaintiff appreciates this Court's preference for descriptive labels to promote clarity. In this legal malpractice case, however, Plaintiff found that "Plaintiff" and "Defendants" were the least poor of the poor options. For example, the label "opposing counsel" could have been confused for either attorneys at Nelson Mullins, attorneys at Benesch, or the attorneys now representing Defendants.

## I. Plaintiff Stated a Claim for Legal Malpractice (Breach of Contract, Breach of Fiduciary Duty, and Constructive Fraud).

Pro Se *Complaints*.

Federal courts must hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Kirk R. Martin v. John Deuth*, 298 F.3d 669, 672 (7th Cir. 2002).

*Damages*.

Defendants argue that Plaintiff's damages are speculative. The argument conflates uncertainty in the **amount** of damages with uncertainty in the **fact** of damages. Plaintiff does not need to allege an amount. Under both Ohio law and Illinois law,[2] a plaintiff needs to allege only the fact damages. The Ohio Supreme explained as follows:

> We are aware that the requirement of causation often dictates that the merits of the malpractice action depend upon the merits of the underlying case. Naturally, a plaintiff in a legal malpractice action may be required, depending on the situation, to provide some evidence of the merits of the underlying claim. However, we cannot endorse a blanket proposition that requires a plaintiff to prove, in every instance,

---

[2] Defendants argue Ohio law applies. Without conceding the point and having reviewed the cases in Defendants' answer brief, Plaintiff reiterates her position that Ohio law and Illinois law do not conflict on the material points. However, the issue is not as straightforward as Defendants suggest. For example, if Defendant Barker was exceeding the scope of his employment, as Defendant Benesch Friedlander argues, the fee agreement's choice of law provision would not apply. If Defendant Barker promised to provide legal services pursuant to Ohio substantive law and Ohio's standard of care for attorneys, when Defendant Barker is not licensed in Ohio, he was engaged in the unauthorized practice of law. Plaintiff discussed Illinois law in anticipation of potential uncertainty about which law applies.

> that he or she would have been successful in the underlying matter. Such a requirement would be unjust, making any recovery virtually impossible for those who truly have a meritorious legal malpractice claim.

*Vahila v. Hall*, 77 Ohio St. 3d 421, 428 (1997) (citations omitted); *see also Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294, 307 (2005) ("speculative" means existence of damages is uncertain, not amount).

Defendants cannot genuinely dispute the fact of damages. At a minimum, Plaintiff incurred attorney fees for negligent services and continues to incur fees in mitigating her damages. *See* Second Amended Complaint ¶ 15 ($20,000 retainer) and ¶ 19 (excess of $100 million). From the very beginning of its contact with Plaintiff, Novolex expressed interest in discussing settlement of Plaintiff's claims against Novolex. Second Amended Complaint ¶ 13.[3]

Finally, Defendants cannot dispute the fact of Plaintiff's severe emotional distress. Defendants argue that emotional distress damages are not recoverable on a legal malpractice claim in Ohio. They are mistaken. "In the legal malpractice context, [Ohio] has held that [c]ompensatory damages may be awarded for mental suffering, anguish and humiliation where they are sustained as the result of **wrongful**, intentional and willful conduct." *Cunningham v. Hildebrand*, 142 Ohio App.3d 218, 228 (2001) (emphasis added) (citing *David v. Schwarzwald, Robiner, Wolf Rock Co., L.P.A.*, 79 Ohio App. 3d 786, 801 (1992)). What Ohio has **not**

---

[3] Defendants argue that such damages are not sufficient to support diversity jurisdiction. Jurisdiction is not on appeal. For the present purposes, Defendants' argument necessarily concedes the fact of damages.

3

addressed whether the definition of "wrongful" includes a lawyer's breach of fiduciary duty and whether, in the legal malpractice context, a plaintiff may recover mental suffering where the lawyers acted recklessly or reasonably should have known that there was a substantial probability that the lawyers' conduct would cause severe emotional distress in another person. Plaintiff submits that Ohio would probably hold that clients can recover emotional distress damages caused by a reckless breach of fiduciary duty. *Cf. Yeager v. Local Union 20*, 6 Ohio St. 3d 369 (Ohio 1983) (emotional distress damages recoverable for recklessness).

In sum, Plaintiff alleged sufficient evidentiary facts to plausibly suggest that Plaintiff had damages. The District Court erred to hold otherwise.

*Causation.*

Defendants argue that Plaintiff failed to adequately plead causation on two levels of this legal malpractice case. First, according to Defendants, Plaintiff failed to allege evidentiary facts plausibly suggesting that Defendants caused Plaintiff to lose the claims against Novolex. Second, according to Defendants, Plaintiff failed to allege evidentiary facts plausibly suggesting causation in the original case against Novolex. Defendants' arguments depend on erroneous construction of *Twombly* and *Iqbal*, of the causation element of legal malpractice cases, and of the deference given to *pro se* complaints.

4

(1) *Alleging Causation in the Legal Malpractice Case.*

Defendants argue that, in legal malpractice cases, Ohio rejected the substantial factor test and better result test in favor of a pure case-within-a-case test for the purpose of establishing but-for cause. Defendants misconstrue Ohio law. A case does not always result in a pure victory or a pure loss. Like nearly every jurisdiction considering the issue, Ohio embraces the better result component of causation, which in turn embraces the substantial factor test. *See Environmental Network Corp. v. Goodman Weiss Miller LLP*, 119 Ohio St.3d 209, 210 (2008) ("We hold that when a plaintiff premises a legal-malpractice claim on the theory that he would have received a better outcome if his attorney had tried the underlying matter to conclusion rather than settled it, the plaintiff must establish that he would have prevailed in the underlying matter and that the **outcome would have been better** than the outcome provided by the settlement.") (emphasis added); *cf.*, *e.g.*, *Suder v. Whiteford, Taylor & Preston, LLP*, 992 A.2d 413 (Md. 2010) (client may recover on legal malpractice claim even if client would have suffered some damages anyway).

Defendants rely on two unpublished Ohio cases for their argument that the substantial factor test and better result test do not apply in Ohio. Those cases are about neither. Rather, those cases are about loss of opportunity, which is a category of damages. Plaintiff does not make a loss of opportunity claim here. She alleges that she would have prevailed on her underlying claims, even if only in part.

Similarly, Defendants argue that New York rejected the substantial factor test. Again, Defendants misconstrue the case law. The substantial factor test subsumes the but-for test when damages have more than one cause. *See*, *e.g.*, *Resolution Trust Corp. v. Franz*, 909 F. Supp. 1128, 1143 (N.D. Ill. 1995) ("[T]he Directors' failings and reliances could be the 'but for' cause of Clyde's losses. Moreover, the Defendants 'reasonably could have foreseen' that their failings and reliances could be 'a substantial factor leading to' Clyde's losses. [*FDIC v. Bierman*, 2 F.3d 1424, 1434 (7th Cir. 1993)]. Therefore, the RTC sufficiently alleges causation."); *Mitchell v. Gonzales*, 54 Cal.3d 1041, 1053 (1991) ("Moreover, the 'substantial factor' test subsumes the 'but for' test. 'If the conduct which is claimed to have caused the injury had nothing at all to do with the injuries, it could not be said that the conduct was a factor, let alone a substantial factor, in the production of the injuries.' [*Doupnik v. General Motors Corp.*, 225 Cal. App. 3d 849, 861 (1990)].).

In the alternative, Defendants argue that, if Plaintiff did have a valid claim to lose, the claim was still valid at the end of their representation of Plaintiff. Defendants rely on a case that is not an abandonment case; rather, the client retained new counsel and then fired the defendant before the statute of limitations ran. *See Rocha v. Rudd*, 826 F.3d 905, 910 (7th Cir. 2016). Likewise, inexplicably, Defendants also cite a case in which the court found that the plaintiff did state a claim for legal malpractice because the statute of limitations did run. *Wall St. Assocs. v. Brodsky*, 684 N.Y.S.2d 244, 247 (N.Y. App. Div. 1999). The present case

6

falls under *Gilles v. Wiley, Malehorn & Sirota*, 783 A.2d 756 (N.J. App. Div. 2001), where the defendants abandoned the plaintiff before the statute of limitation ran and without giving the plaintiff enough time to toll the limitations.

Defendants make a series of strawman arguments. Defendants argue that Defendant Barker's conflict of interest did not cause damages. Plaintiff agrees. Conflicts do not cause damages. They provide context for legal malpractice claims. Defendants argue that they did not cause future lawyers to turn down Plaintiff's case. Defendants miss the issue. The allegations plausibly suggest that the future lawyers turned down Plaintiff's complex case because they did not have time to get up to speed before the limitations ran. If Defendants wish to make a contrary argument, their opportunity will be at trial. Defendants argue that Plaintiff should have identified statutes of limitation that they caused Plaintiff to miss, but Plaintiff does not need to identify every possible detail in a complaint. Fed. R. Civ. P. 8(a)(2) ("a short and plain statement of the claim showing that the pleader is entitled to relief"); *Gardunio v. Town of Cicero*, 674 F. Supp. 2d 976, 992 (N.D. Ill. 2009) (more definite statement applies to unintelligibility not desire for more detail); *Direct Comm'ns v. Horizon Retail Constr,* 387 F. Supp. 2d 828 (N.D. Ill. 2005) (complaint not a substitute for traditional discovery).[4]

---

[4] Illustrating the difference between unintelligibility and wanting more detail, Defendant Barker has access to the details of the relevant claims and statutes of limitations because they are in public pleadings in a parallel case in Colorado. Defendant Barker switched firms to Nelson Mullins Riley & Scarborough LLP, which is a defendant in the Colorado case.

7

Finally, Defendants argue that they did not breach a duty to file a lawsuit for Plaintiff because they never promised to file a lawsuit. Defendants misapprehend the scope of their duties. Even when lawyers limit the scope of their representation, lawyers must "exercise the knowledge, skill, and ability ordinarily possessed and exercised by members of the legal profession similarly situated, and to be ordinarily and reasonably diligent, careful, and prudent." *Lopez v. Hulburt*, 2019 Ohio 5331 ¶ 28 (Ohio App. 2019). Regardless of the fee agreement, a lawyer must spot issues and explain them to a client if a reasonably diligent, careful, and prudent lawyer would spot and explain the issues. *International Telemar v. Malone & Assocs.*, 845 F. Supp. 1427 (D. Colo. 1994); *Janik v. Rudy, Exelrod & Zieff*, 14 Cal.Rptr.3d 751 (Cal. App. 2004); *Nichols v. Keller*, 19 Cal.Rptr.2d 601 (Cal. App. 1993); *McCarty v. Browning*, 797 So.2d 30 (Fla. App. 2001); *Keef v. Widuch*, 747 N.E.2d 992 (Ill. App. 2001); *Daugherty v. Runner*, 581 S.W.3d 12 (Ky. App. 1978); *Smith v. Becnel*, 396 So.2d 444 (La. App. 1981); *Campbell v. Fine Olin & Anderson*, 642 N.Y.S.2d 819 (N.Y. App. 1992). The circumstances relevant to duties beyond the scope of the engagement include the needs and sophistication of the client. *E.g.*, *Conklin v. Hannoch Weisman*, 678 A.2d 1060 (N.J. 1996). An attorney cannot remain silent while knowing that the client does not understand a relevant legal matter. *See, e.g.*, *Shimer v. Foley, Hoag & Eliot, LLP*, 795 N.E.2d 599 (Mass. App. 2003).

Thus, Plaintiff's Second Amended Complaint sets forth sufficient evidentiary facts plausibly suggesting Defendants' malpractice was a cause of Plaintiff's damages.

(2) *Alleging Causation in the Case Within a Case.*

Defendants argue that Plaintiff never had a valid claim to lose and that, therefore, Defendants could not cause Plaintiff to lose such a claim. In particular, Defendants argue that the Second Amended Complaint fails to include sufficient evidentiary facts plausibly suggesting that **Novolex** caused damages. Defendants overstate the burden on alleging causation under Fed. R. Civ. P. 12(b)(6). "The recitation of facts need not be particularly detailed, and the chance of success need not be particularly high." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 403 (4th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff here highlights the allegations plausibly suggesting that Novolex caused Plaintiff damages, *i.e.*, causation in the case with a case:

- Plaintiff asserted claims against Novolex for trade secret theft, unfair business practices, unjust enrichment, and breach of contract. Second Amended Complaint ¶ 11.

- Plaintiff's claims against Novolex could survive a motion to dismiss. Second Amended Complaint ¶¶ 19, 46 & 50.

- Novolex was open to a conversation regarding settlement. Second Amended Complaint ¶ 13.

- Plaintiff had a very strong jury case that would yield more than $100 million. Second Amended Complaint ¶¶ 19 & 46.

9

- On January 13, 2023, Defendants were confident in forging some sort of settlement in subsequent discussions. Second Amended Complaint ¶ 21.
- Novolex caused Plaintiff significant losses. Second Amended Complaint ¶ 34.

Considering Plaintiff's *pro se* status and the required assumption of truth under Rule 12(b)(6), the allegations are sufficient to state the causation element of the case with the cause.

Defendants complain that Plaintiff failed to delineate her intellectual property rights or explain how those rights translated into a viable claim. The argument is irrelevant. The issue under Rule 12(b)(6) is not whether Plaintiff might have made **more** allegations but whether the allegations made were sufficient. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2006); *see, e.g.*, *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) ("[A] plaintiff need not make out a prima facie case . . . to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim.").

Rule 12(b)(6) does not require a plaintiff to allege every imaginable fact and every sub-fact within a sub-fact. The question is whether the allegations are sufficient. Here, the allegations are sufficient to state the causation element of Plaintiff's claims against Novolex and Defendant Barker. This Court should reverse the District Court's order dismissing Plaintiff's legal malpractice claims against Defendant Barker.

## II. Defendant Benesch Friedlander is Vicariously Liable for the Acts and Omission of Defendant Barker.

Defendant Benesch Friedlander argues that holding it liable for Defendant Barker's negligence would be holding it liable for something over which it has no control, *i.e.*, the practice of law. Defendant Benesch Friedlander conflates the difference between holding it liable for its own negligence and holding it vicariously liable for an agent's negligence. This case is about holding it liable for an agent's negligence.

Defendant Benesch Friedlander relies on *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 913 N.E.2d 939 (Ohio 2009). The *Wuerth* case does not help Defendant Benesch Friedlander. There, the Ohio Supreme Court held that a law firm is not negligent when none of its agents are negligent. *Id.* at 600 ("[W]e hold that a law firm may be vicariously liable for legal malpractice only when one or more of its principals or associates are liable for legal malpractice."). Plaintiff does not argue that a law firm may be liable without an agent's negligence.

Neither does Plaintiff argue that job hunting was in the scope of Defendant Barker's employment with Defendant Benesch Friedlander or that job hunting advanced the firm's business interests. When clients hire a law firm, however, they expect its lawyers to uphold their fiduciary duties, even if the clients do not fully understand those duties. The fiduciary duties are within the scope of employment. The firm is liable for breaches of those duties. *Cf. Strock v. Pressnell*, 38 Ohio St.3d

207, 216 (1988) ("A claim of breach of a fiduciary duty is basically a claim of negligence, albeit involving a higher standard of care.").

Defendant Benesch Friedlander is vicariously liable for Defendant Barker's breaches of fiduciary duty to Plaintiff.

## CONCLUSION

For the foregoing reasons, this Court should reverse the District Court's dismissal and should remand for further proceedings.

Respectfully Submitted,

*/s/Paul Gordon*
Paul Gordon

Gordon Legal Malpractice PLLC
Post Office Box 460395
Denver, Colorado 80246
720-505-0536
paul@legal-mal.com
*Attorney for Plaintiffs-Appellants*
   *Amanda Sima*

# CERTIFICATE OF COMPLIANCE
## WITH F.R.A.P. RULE 32(a)(7), F.R.A.P. RULE 32(g), AND C.R. 32(c)

The undersigned, counsel of record for Plaintiff-Appellant Amanda Sima, furnishes the following in compliance with F.R.A.P. Rule 32(a)(7):

I hereby certify that this brief conforms to the rules contained in F.R.A.P. Rule 32(a)(7) for a brief produced with a proportionally spaced font. The length of this brief is 2,858 words. [Circuit Rule 32 allows for principal briefs of 14,000 words as opposed to F.R.A.P.'s 13,000, and reply brief of 7,000 as opposed to 6,500.]

Dated: October 20, 2025

Gordon Legal Malpractice PLLC

By: */s/Paul Gordon*
Paul Gordon
Post Office Box 460395
Denver, Colorado 80246
paul@legal-mal.com
720-505-0536
*Attorney for Plaintiff-Appellant Amanda Sima*

# CERTIFICATE OF SERVICE

*All Case Participants Are CM/ECF Participants*

      I hereby certify that, on October 20, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals or the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                      */s/Paul Gordon*
                                      Paul Gordon

                                      Gordon Legal Malpractice PLLC
                                      Post Office Box 460395
                                      Denver, Colorado 80246
                                      paul@legal-mal.com
                                      720-505-0536
                                      *Attorney for Plaintiff-Appellant*
                                               *Amanda Sima*